UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BETH ANNE MILLER, Personal
Representative of the ESTATE OF
BETH ANN KELLEY,

        Plaintiff,                         No. 12-11684

v.                                     District Judge Paul D. Borman
                                        Magistrate Judge R. Steven Whalen

MYLAN INC., ET AL.,

        Defendants.

                                  /

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's Motion for: A) Approval of and Authority to Settle Wrongful Death Claim; B) Request for Full Authority to Sign Releases and all Settlement Paperwork Related Thereto as it Relates to Defendants; C) Approval of and Request for Reimbursement and Payment of Partial Litigation Costs; D) Approval of and Request for Distribution of Wrongful Death Proceeds; and E) Request for Order of Dismissal [Doc. #50], which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). The motion is unopposed. For the reasons discussed below and at the evidentiary hearing held on January 5, 2017, I recommend that the motion be GRANTED.

**I.    FACTS**

Beth Ann Miller is the personal representative of the Estate of Beth Ann Kelley, having been appointed as such by the Oakland County Probate Court. On behalf of the estate, she filed the present wrongful death action in the Oakland County Circuit Court. Defendants removed the case to this Court. The parties engaged in settlement negotiations, and reached a confidential settlement agreement, which has been filed under seal as Confidential Exhibit 2 [Doc. #52] to this Motion. The parties seek approval of the

settlement agreement.

The Court held a hearing on January 5, 2017, at which the Beth Anne Miller, the personal representative, gave testimony and Plaintiff's counsel offered argument. Defendants counsel was also present. Ms. Miller testified that all heirs at law/next of kin, or other interested parties have been notified of this litigation, as required by Michigan's wrongful death statute, M.C.L. § 600.2922.[1] She testified that as personal representative, she believes that the proposed settlement is fair and reasonable for all parties, and that it is in the best interest of the Estate to settle the matter pursuant to the terms set forth in Confidential Exhibit 2. She and Plaintiff's counsel indicated that Plaintiff's counsel is not taking any attorney fees from the net proceeds of the settlement. Ms. Miller requests that no portion of the settlement proceeds be paid into the estate as payment of conscious pain and suffering for the Decedent.

The terms of the agreement are set forth in Confidential Exhibit 2 [Doc. #52], filed under seal.

## II.   DISCUSSION

The procedure for settlement of wrongful death claims and distribution of proceeds is governed by M.C.L. § 600.2922. *See also Crystal v. Hubbard*, 414 Mich. 297 (1980), 324 N.W.2d 869 (1980). When a wrongful death case has been settled, the statute entrusts the personal representative of an estate with the duty to file with the Court a petition for authority to distribute proceeds, and to serve the petition on all persons identified as interested parties. All person entitled to receive that notice are given the opportunity to come forward at the hearing and make objections and/or claims.

Following the hearing held on January 5, 2017, I am satisfied that the Personal

---

[1] The heirs at law/next of kin are: Kristen Cordle of Warren, MI (daughter of decedent); Ellen Stanley of Conroe, TX (sister); Raymond Kelley of Conroe, TX (father); and Michael L. Kelley of Novi, MI (brother).

Representative has complied with Michigan's wrongful death statute, that all interested parties received notice of the Plaintiff's petition and of the hearing, that no objections to or other claim on the settlement proceeds have been lodged by any interested party, that the proposed settlement is in the best interests of the Estate, the heirs/interested parties, and the Defendants, and that all parties have knowingly and voluntarily agreed to the proposed settlement.

### III. CONCLUSION

I therefore recommend that this Court enter an Order:

(1) Approving and giving full authority to the Personal Representative to settle this wrongful death claim;

(2) Giving full authority to the Personal Representative to sign releases and all related settlement paperwork for the settlement of this claim as it pertains to all Defendants;

(3) Approving the settlement and ordering the reimbursement and payment of partial litigation costs and expenses;

(4) Approving and ordering the distribution of the net remainder of the settlement proceeds, as set forth in Confidential Exhibit A;[2]

(5) Dismiss this action with prejudice.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v Walters,* 638

---

[2] Confidential Exhibit A has not been filed with the Court. By separate order, I have directed Plaintiff to file Confidential Exhibit A under seal.

F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
United States Magistrate Judge

Dated: February 8, 2017

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on February 8, 2017, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager